IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                                    RESPONDENT

vs.                           Criminal No. 6:19-cr-60040
                              Civil No. 6:22-cv-06103

PAUL SCAIFE                                                                      MOVANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Movant is Paul Scaife ("Scaife"). On September 21, 2022, Scaife, through appointed counsel, filed a Motion to Vacate under 28 U.S.C. § 2255. ECF No. 56. The Government has responded to this Motion. ECF No. 61. Scaife replied, and the Government responded to Scaife's reply. ECF Nos. 64, 67.

The Motion was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case. The Court has reviewed the Motion, the response, the reply, and the response to the reply; and based upon that review, the Court recommends this Motion (ECF No. 56) be **DENIED**.

1.    **Procedural Background[1]:**

In the present action, on October 4, 2019, Scaife was named in a four-count Indictment filed in the Western District of Arkansas. ECF No. 12. Scaife was charged with four (4) counts of violating Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

On February 6, 2020, Scaife entered a plea of guilty to Count Four of the Indictment[2]:

---

[1] The "Procedural Background" is taken from the pleadings and publicly filed documents in this case.
[2] As a part of this Plea Agreement, the Government agreed to dismiss Counts 1-3. ECF No. 54 at 7.

> On or about July 31, 2019, in the Western District of Arkansas, Hot Springs Division, the Defendant, **PAUL SCAIFE,** knowingly and intentionally distributed a controlled substance, namely a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance.

ECF No. 12 at 2. During the Change of Plea hearing, Scaife was represented by Benjamin Hooten. *Id.*

Consistent with his Plea Agreement, the Court found Scaife guilty of a violation of Title 21, United States Code Sections 841(a)(1) and (b)(1)(C), Distribution of Any Amount of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, a Schedule II Controlled Substance. Scaife's Plea Agreement contained an appellate waiver in which Scaife waived, among other things, his right to directly appeal his conviction and sentence. ECF No. 27 ¶ 9. The Court specifically discussed the appellate waiver provisions with Scaife, and he agreed to the waiver at the Change of Plea hearing. ECF No. 54.

On April 29, 2020, the Final Presentence Investigation Report ("PSR") and Sentencing Recommendation were filed. ECF Nos. 35-36. In the Sentencing Recommendation, the United States Probation Office ("USPO") recognized the Guideline Provisions provided a range of 168 to 210 months. ECF No. 36. The USPO recommended a sentence of 168 months. *Id.*

Scaife's counsel also filed an eight-page sentencing memorandum, and he requested a downward departure as follows:

> Scaife would point out that the sentence range of 93-115 months falls within the range of what the recent report on the effects of prison length and recidivism revealed. **There is no indication that a term of incarceration of longer that the 60-120 months has any more deterrent effect, therefore; it appears, from the information available, a sentence in excess of 120 months has no basis in reality.**

*Id.* at 7. Through counsel, Scaife also filed 14 objections to the PSR. ECF No. 55 at 10.

On October 7, 2021, Scaife appeared for sentencing, and he was sentenced to 210 months imprisonment followed by three (3) years of supervised release. ECF No. 43. As a part of sentencing, the Honorable U. S. District Judge Susan O. Hickey addressed each of the 14 objections Scaife raised. ECF No. 55 at 10-103. Despite the objections by Scaife's counsel, Judge Hickey also found it was appropriate to sentence Scaife to the high end of the range in the Guideline Provisions:

> I believe that a—looking at this case, looking at the evidence before the Court, the testimony presented here in court today, along with the sentences that the Court imposed upon people that I believe that you were involved with in this type of activity. I am taking all of that into consideration, and I believe a sentence at the high end of that guideline range is appropriate.

ECF No. 55 at 98.

On September 21, 2022, Scaife, through counsel, filed his Motion to Vacate under 28 U.S.C. § 2255. ECF No. 56. Thereafter, the Government responded. ECF No. 61. Scaife replied, and the Government filed a response to Scaife's reply. ECF Nos. 64, 67. This matter is now ripe for consideration.

**2.     Applicable Law**:

A § 2255 motion is fundamentally different from a direct appeal. The Court will not reconsider an issue, which was decided on direct appeal, in a motion to vacate pursuant to § 2255. *See United States v. Davis*, 406 F.3d 505, 511 (8th Cir. 2005); *Dall v. United States*, 957 F.2d 571, 572 (8th Cir.1992) ( "Claims which were raised and decided on direct appeal cannot be relitigated on a motion to vacate pursuant to 28 U.S.C. § 2255 .").

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice." *United States v. Apfel*, 97 F.3d

1074, 1076 (8th Cir. 1996).

3. **<u>Discussion</u>**:

In Scaife's 2255 Motion and Reply, he raises two arguments for relief: (A) his counsel was ineffective for failing to argue his conviction under the Arkansas statute for delivery of methamphetamine does not qualify as a predicate felony for a career offender designation; and (B) his counsel was ineffective for failing to object to Arkansas's definition of "methamphetamine" as being broader than the federal definition of "methamphetamine." ECF No. 56, 64. The Court will address both of these claims for relief. The "benchmark for judging any ineffective assistance of counsel claim must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington,* 466 U.S. 668, 686 (1984).

To prove an ineffectiveness claim under *Strickland,* a movant must demonstrate (1) his or her counsel's performance was so deficient so as to fall below an objective standard of reasonable competence; and (2) that counsel's deficient performance prejudiced the defense. *See Toledo v. United States,* 581 F.3d 678, 680 (8th Cir. 2009) (citation and quotations omitted). The burden of proving ineffective assistance of counsel rests with the defendant. *See United States v. White,* 341 F.3d 673, 678 (8th Cir. 2003) (*citing United States v Cronic,* 466 U.S. 648, 659 (1984)).

   A. **Predicate Felony**

Scaife claims his counsel was ineffective for failing to argue that his conviction under the Arkansas statute for delivery of methamphetamine does not qualify as a predicate felony for a career offender designation. ECF No. 56 at 5-11. Scaife argues that the Arkansas statute the Government used for a predicate felony includes attempt and is broader than the federal statute,

which does not expressly include attempt. *Id.* The Government has responded to this Motion and claims there is no basis for relief. ECF No. 61. Specifically, the Government argues this issue has been directly considered by the Eighth Circuit, and Scaife's counsel was not ineffective for failing to object to this as a predicate felony. *Id.*

Upon review, the Court finds Scaife has provided no basis for relief. Notably, Application Note 1 in the commentary to U.S.S.G. § 4B1.2 (the Guideline Provision at issue) expressly states that controlled substance offenses include the offenses of aiding and abetting, conspiring, and attempting to commit such offenses. The Eighth Circuit has directly held Application Note 1 supplies the standard for evaluating a predicate felony. *See, e.g., U.S. v. Bailey,* 677 F.3d 816, 818 (8th Cir. 2012) (recognizing conspiracy may be included). Thus, the Eighth Circuit's precedent is clear. Scaife's failure to object to this issue when it has been clearly decided by the Eighth Circuit is not ineffective assistance. *See Thomas v. Untied States,* 951 F.2d 902, 905 (8th Cir. 1991) (recognizing "[c]ounsel's failure to raise these meritless issues does not constitute ineffective assistance").

### B. Variations of Methamphetamine

In Scaife's reply, Scaife also claims his prior felony does not qualify as a predicate felony for career offender status. ECF No. 64. Scaife contends that Arkansas drug laws define "methamphetamine" more broadly than federal law, "sweeping within its ambit isomers of methamphetamine that are not criminalized under federal law." *Id.* The Government has also responded to this argument and claims Scaife has again supplied no basis for relief. ECF No. 67.

Upon review, the Court also finds no basis for relief. Indeed, even if, as Scaife contents, Arkansas law does criminalize more variations of "methamphetamine" than federal law does, this is irrelevant. As the Eighth Circuit has specifically held, "[t]here is no requirement that the

particular substance underlying the state offense is also a controlled substance under a distinct federal law." *United States v. Henderson,* 11 F.4th 713, 718-19 (8th Cir. 2021). Instead, the standard is whether the punishment for a given controlled substance offense is "imprisonment for a term exceeding one year." *Id.* There is no dispute that Scaife's conviction met this standard. Thus, again, because this claim was meritless, Scaife's counsel was not ineffective for failing to raise this claim and object at sentencing on this issue.

**4.    Recommendation**:

Accordingly, based on the foregoing, the Court recommends the Petition (ECF No. 56) be **DENIED.** The Court further recommends no Certificate of Appealability issue in this matter.

The Court finds no evidentiary hearing is required.[3]

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court**. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**DATED** this **21st day of April 2023.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

---

[3] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart,* 726 F.2d 1316, 1318-19 (8th Cir.1984).