IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF/RESPONDENT

v.                              Case No. 6:19-cr-60040

PAUL SCAIFE                                                 PETITIONER/PETITIONER

## ORDER

Before the Court is the Report and Recommendation filed April 21, 2023, by the Honorable Barry A. Bryant, United States Magistrate Judge for the Western District of Arkansas. ECF No. 68. Judge Bryant recommends denying Petitioner Paul Scaife's motion to vacate pursuant to 28 U.S.C. § 2255 (ECF No. 56), as Petitioner's counsel was not ineffective. ECF No. 68. Petitioner has objected. ECF No. 69. The Court finds that the matter is ripe for consideration.[1]

## I. BACKGROUND

An October 4, 2019 indictment charged Petitioner with four counts of distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). ECF No. 12. On February 6, 2020, Petitioner pled guilty to one count of distribution of methamphetamine, and in exchange for that guilty plea, the government agreed to file a motion seeking the dismissal of the three remaining counts.

In Petitioner's presentence investigation report (PSR), which was prepared by the United States Probation Office (USPO), the USPO found that Petitioner qualified as a career offender pursuant to the United States Sentencing Guidelines (USSG) § 4B1.1(b)(2). According to the

---

[1] There is a separate, civil case in the United States District Court for the Western District of Arkansas which is related to the instant case. However, Judge Bryant's Report and Recommendation was filed in that case for record-keeping purposes only. *See Scaife v. United States*, No. 6:22-cv-06103 (W.D. Ark.).

PSR, Petitioner had two prior qualifying predicate offenses: (1) one count of assault with intent to commit serious physical injury and one count of burglary, dated August 22, 2022, and (2) one count of delivery of methamphetamine, dated September 28, 2017. Petitioner's counsel, Benjamin Hooten, objected to the PSR's use of Petitioner's prior assault conviction as a predicate offense but did not dispute the PSR's reliance on Petitioner's 2017 conviction for delivery of methamphetamine as a predicate offense. On October 7, 2021, the Court sentenced Petitioner to 210 months imprisonment with 3 years supervised release.

On September 21, 2022, Petitioner filed the instant motion to vacate. ECF No. 56. In that motion, Petitioner argues that his counsel, Mr. Hooten, was ineffective in his representation of Petitioner. On December 22, 2022, the government responded in opposition. ECF No. 61. On February 6, 2023, Petitioner filed a reply to the government's response. ECF No. 64. Finally, on February 23, 2023, the government responded to that February 6 reply. ECF No. 67.

Judge Bryant recommends denying Petitioner's motion to vacate. First, Judge Bryant recommends finding that although the Arkansas statute under which Petitioner was convicted encompasses attempted deliveries of controlled substances, so does USSG § 4B1.2, meaning that Arkansas law is not impermissibly broader than the federal provision. Accordingly, Judge Bryant explains, Mr. Hooten was not ineffective by not arguing that Petitioner's conviction under Arkansas law could not qualify as a predicate offense. ECF No. 68, at 5. Second, Judge Bryant recommends finding that it is "irrelevant" whether Arkansas law criminalizes more variations of methamphetamine than federal law, and Mr. Hooten was not ineffective for failing to argue that Arkansas's definition of methamphetamine is impermissibly broader than the federal definition. ECF No. 68, at 5-6.

In his objections to Judge Bryant's Report and Recommendation, Petitioner simply

reasserts arguments previously raised in his motion (ECF No. 56) and reply (ECF No. 64). Petition then concludes by stating that "[a] *de novo* review of the findings and recommendation contained in the record supports a finding that [Petitioner's] attorney failed to make relevant arguments that his prior Arkansas drug convictions were not career offender predicates." ECF No. 69, at 8. For the following reasons, the Court overrules Petitioner's objections and adopts Judge Bryant's Report and Recommendation in its entirety.

### III. STANDARD

The Court may designate a magistrate judge to hear pre- and post-trial matters and to submit to the Court proposed findings of fact and recommendations for disposition. 28 U.S.C. § 636(b)(1). After conducting an appropriate review of a magistrate's report and recommendation, the Court may then "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge . . . or recommit the matter to the magistrate judge with instructions." *Id.* "[T]he specific standard of review depends, in the first instance, upon whether or not a party has objected to portions of the report and recommendation." *Anderson v. Evangelical Lutheran Good Samaritan Soc'y*, 308 F. Supp. 3d 1011, 1015 (N.D. Iowa 2018). Generally, to trigger de novo review, "objections must be timely and specific." *Thompson v. Nix*, 897 F.2d 356, 358-59 (8th Cir. 1990). "Under de novo review, a reviewing court 'makes its own determinations of disputed issues and does not decide whether the magistrate[ ] [judge's] proposed findings are clearly erroneous.'" *United States v. Fleming*, No. 8:22-cr-59, 2022 WL 3595204, at *2 (D. Neb. Aug. 23, 2022) (alterations in original) (emphasis omitted) (citation omitted). Here, because Petitioner timely objected to Judge Bryant's Report and Recommendation, the Court will conduct a de novo review of that report and recommendation pursuant to § 636(b)(1).

"A Petitioner claiming ineffective assistance of counsel must show (1) that counsel's

representation 'fell below an objective standard of reasonableness,' and (2) that counsel's deficient performance prejudiced the Petitioner." *Roe v. Flores-Ortega*, 528 U.S. 470, 476-77 (2000) (quoting *Strickland v. Washington*, 466 U.S. 668, 668, 694 (1984)). In evaluating the sufficiency of counsel's performance, the Court considers that performance "on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland*, 466 U.S. at 690. The Court's "scrutiny" of such performance "must be highly deferential, as there exists a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. Further, the deficient-performance prong "requires showing that counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed the Petitioner by the Sixth Amendment." *Azure v. United States*, 925 F. Supp. 671, 677 (D.S.D. May 7, 1996) (quoting *Strickland*, 466 U.S. at 687). A Petitioner is "not entitled to have counsel raise 'every argument, regardless of merit.'" *Sweet v. Delo*, 125 F.3d 1144, 1159 (8th Cir. 1997) (quoting *Evitts v. Lucey*, 469 U.S. 387, 394 (1985)); *see also Azure*, 925 F. Supp. at 679 (explaining that the Supreme Court has "clearly rejected" the argument that counsel has "a constitutional duty to raise 'all possible issues,' regardless of their merit or frivolity." (citation omitted)).

## IV. DISCUSSION

Here, Petitioner raises two arguments regarding the alleged ineffectiveness of his counsel. Both pertain to his 2017 conviction for delivery of methamphetamine and how that prior conviction affected Petitioner's status as a career offender. The Court addresses each argument in turn.

Petitioner first argues that his counsel, Mr. Hooten, performed deficiently when he failed to argue that Petitioner's prior conviction for delivery of methamphetamine is not a predicate offense for a career offender designation. Petitioner explains that in 2017, he was convicted under

Arkansas law for delivery of methamphetamine. Under Arkansas law, "delivery" includes "the actual, constructive, or *attempted* transfer from one (1) person to another of a controlled substance or counterfeit substance in exchange for money or anything of value, whether or not there is an agency relationship." Ark. Code Ann. § 5-64-101(6) (emphasis added); *see also* Ark. Code Ann. § 5-64-622(b)(1) (setting forth elements for delivery of methamphetamine). Petitioner argues that the USSG's definition of qualifying predicate offenses does not encompass attempts. In Petitioner's view, because under Arkansas law "delivery" can include the "*attempted* transfer" of a controlled substance, Arkansas law is impermissibly broader than the Guidelines' definition of a qualifying predicate felony. ECF No. 56, at 6-7. The government argues that Petitioner's argument has been squarely rejected by the Eighth Circuit Court of Appeals. ECF No. 61.

Petitioner's argument is, in essence, one incorporating the "categorical approach." Under this approach, a defendant's prior offense cannot qualify as a predicate felony for sentencing purposes if the statute of conviction "sweeps more broadly" than the corresponding federal definition of the crime. *See, e.g.*, *Descamps v. United States*, 570 U.S. 254, 261 (2013). If the state statute in fact "'sweeps more broadly' than the generic crime enumerated, [then] a conviction 'cannot count as a[] . . . predicate, even if the defendant actually committed the offense in its generic form." *United States v. Boleyn*, 929 F.3d 932, 936 (8th Cir. 2019) (quoting *Descamps*, 570 U.S. at 261).

While Petitioner is correct that the state statute of conviction encompasses "attempted transfer" in its definition of delivery, as Judge Bryant notes, "Application Note 1 in the commentary to U.S.S.G. § 4B1.2 (the Guideline Provision at issue) expressly states that the controlled substance offenses include the offenses of aiding and abetting, conspiring, and attempting to commit such offenses." ECF No. 68, at 5. Stated simply, USSG § 4B1.2 and the

5

corresponding Arkansas statute of conviction *both* criminalize the *attempted* delivery of a controlled substance. Therefore, the Arkansas statute under which Petitioner was convicted is not impermissibly broader than the Guidelines' definition of a qualifying predicate felony. Accordingly, the Court adopts Judge Bryant's recommendation to find that "[Petitioner] has provided no basis for relief." ECF No. 68, at 5.

Petitioner next argues that his prior conviction for delivery of methamphetamine cannot qualify as a predicate offense because Arkansas's definition of methamphetamine is broader than the federal definition. Petitioner guides the Court through the categorical approach, explaining that "Arkansas drug laws define methamphetamine more broadly than federal law, sweeping within its ambit isomers of methamphetamine that are not criminalized under federal law." ECF No. 64, at 3. More specifically, "Arkansas describes amphetamine as 'salts, optical isomers, and salts of its isomers,'" while "federal law limits the isomers of methamphetamine subject to criminal prosecution to optical isomers." ECF No. 64, at 3-4.

Petitioner and the government direct the Court to law foreclosing Petitioner's argument. Petitioner cites *Henderson*, 11 F.4th at 718-19,[2] and admits that "the Court of Appeals for the Eighth Circuit does not support his argument." ECF No. 64, at 3 n.2. The government cites both *Henderson* and *United States v. Perez*, 46 F.4th 691 (8th Cir. 2022). In *Henderson*, the Eighth Circuit explained that "[t]he career-offender guideline defines the term controlled substance offense broadly, and the definition is most plainly read to 'include state-law offenses related to controlled or counterfeit substances punished by imprisonment for a term exceeding on year.'" 11 F.4th at 718 (citation omitted). In *Perez*, the Eighth Circuit, citing *Henderson*, explained "that the

---

[2]The Court notes with interest that *Henderson* also forecloses Petitioner's previous argument (that his conspiracy conviction cannot qualify as a predicate offense). *See* 11 F.4th at 716-17.

term 'controlled substance' in § 4B1.2(b) is not limited to definitions in the [Controlled Substances Act] because there is no such limitation in the text of the definition at USSG § 4B1.2." 46 F.4th at 702.

Thus, because this argument is foreclosed by Eighth Circuit precedent, Mr. Hooten was not ineffective for failing to argue contrary to that precedent. *See Sweet*, 125 F.3d at 1159; *Azure*, 925 F. Supp. at 679. Accordingly, the Court adopts Judge Bryant's recommendation to find there is "no basis for relief." ECF No. 68, at 5.

## V. CONCLUSION

Ultimately, the Court finds that the performance of Petitioner's counsel was not deficient, and the Court declines to reach *Strickland*'s prejudice prong. *See Strickland*, 466 U.S. at 690; *see also McKanry v. United States*, No. 4:12-cv-64, 2015 WL 475970, at *2 (E.D. Mo. Feb. 4, 2015) ("A court may address the two prongs in any order, and if the movant fails to make a sufficient showing of one prong, the court need not address the other prong.").[3] Petitioner cites no mistake of fact or law that prompts the Court to deviate from the instant Report and Recommendation. Accordingly, the Court hereby overrules Petitioner's objections and **ADOPTS** the Report and Recommendation (ECF No. 68) *in toto*. Petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 (ECF No. 56) is hereby **DENIED**. No certificate of appealability shall issue.

**IT IS SO ORDERED**, this 28th day of July, 2023.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge

---

[3] The Court notes that "a Petitioner satisfies the second *Strickland* prong if he shows 'that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed.' The Petitioner does not have to show that 'his hypothetical appeal might have had merit.' This second-prong prejudice test 'applies even where a Petitioner has waived his right to direct appeal and collateral review.'" *Cong Van Pham*, 722 F.3d at 324 (citations omitted).